24 F.3d 248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 The RANGER PUBLISHING COMPANY, INC., a Washington
corporation, Plaintiff-Appellee,
and
Tom Swarner, and Jane Swarner, and the marital community
thereof; et al.; Defendant-Appellee,
v.
UNITED STATES of America; Richard Cheney, Secretary of the
Department of Defense; Michael P.W. Stone, Secretary of the
Department of the Army; Larry Else; Callum A.H. Waller,
Commander, Fort Lewis, et al., Defendants-Appellants.
 No. 92-35440.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1993.*
Decided May 2, 1994.
 
 Before: TANG, FARRIS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The United States appeals the district court's award of attorney's fees to Ranger Publishing Company ("Ranger") under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. Sec. 2412. In three consolidated lawsuits, Ranger challenged several actions taken by the Army regarding Ranger's right to publish and distribute The Ranger at Ft. Lewis, Washington. We vacate the award of attorney's fees and remand for reconsideration of the amount awarded.
 
 DISCUSSION
 A.
 
 3
 A court must award "fees and other expenses" to parties who prevail in non-tort civil actions against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. Sec. 2412(d)(1)(A). The term "substantially justified" means "justified to a degree that could satisfy a reasonable person," or is reasonable "both in law and fact," and is "more than merely undeserving of sanctions for frivolousness." Commissioner, INS v. Jean, 496 U.S. 154, 110 S.Ct. 2316, 2319 n. 6 (1990). The government's position encompasses both the underlying government action at issue and its position in litigation. Bay Area Peace Navy v. United States, 914 F.2d 1224, 1230 (9th Cir.1990). The burden of proving substantial justification is with the government. Love v. Reilly, 924 F.2d 1492, 1495 (9th Cir.1991). An award of attorney's fees under EAJA is reviewed for an abuse of discretion. Id. at 1493.
 
 
 4
 The district court held that Ranger was the prevailing party under EAJA because it had been successful in setting aside the CEN award to Robinson Publishing Company, and that the government's position on the interpretation of its bidding regulation was not substantially justified. The government concedes that Ranger was the prevailing party under EAJA, but argues that its position in the litigation as a whole was substantially justified.
 
 
 5
 The complaint in the original action (CIV 89-543) brought by Ranger against the government requested: (1) an order "restraining Defendants from proceeding under the new contract for distribution of a Civilian Enterprise Newspaper entered into in violation of regulations;" (2) an order "requiring Defendants to permit Plaintiffs to distribute 'The Ranger' at places allowed for distribution by other newspapers;" and (3) an order "requiring Defendants to grant the Plaintiffs equal access to the news and information of the Armed Forces." [ER 10A.]
 
 
 6
 The government concedes that Ranger succeeded in setting aside the Army's award of the CEN to Robinson as a violation of Army regulations, but argues that little practical benefit was obtained because the contract was ultimately not Ranger's. However, Ranger did not seek a ruling to obtain the CEN contract; rather, Ranger claimed that the Army had violated its bidding regulations. Ranger obtained the relief requested in the complaint.
 
 
 7
 The government further argues, however, that its position on this issue was justified. The district court held that the regulations entitled Ranger to make a personal presentation to the CEN selection committee prior to the award of a contract. The applicable regulation, Army Regulation 360-81, p 3-27, d. (4) (Jan. 21, 1986), states, "A selection committee will hear presentations and review written data by prospective commercial publishers or their representatives, secure and review independent data, and make on-site inspections to gather information upon which to base their selection." The government contends the Army interpreted the regulation as not requiring the use of each information gathering tool. We agree with the district court that the language "will hear presentations" required the selection committee hear presentations by prospective publishers. The government's position on this issue was not substantially justified.
 
 
 8
 The government characterizes the second relief sought as Ranger's right to distribute its newspaper door-to-door at Ft. Lewis. In fact, the complaint requests distribution "at places allowed for distribution by other newspapers." [ER 10A.] The complaint alleges that defendants "have permitted other commercial newspapers access to designated points on Fort Lewis and allow these publishers to distribute their papers in the residential areas on Fort Lewis," and that defendants "have refused to grant Plaintiffs access to Fort Lewis to distribute 'The Ranger.' " [ER 8A.] A reading of the complaint thus bears out Ranger's contention that it simply sought fair treatment, and to be allowed to distribute its newspaper in the same fashion as other papers. At the time the complaint was filed, the Ft. Lewis officials had denied Ranger the right to distribute "The Ranger" at all on Ft. Lewis, even in stands in public areas. Ranger achieved its initial goal of fair treatment in distribution rights. Even after the Army's revised regulations barred Ranger from distributing the newspaper door-to-door, Ranger retained its right to distribute the paper in public areas, also a substantial benefit. The government failed to sustain its burden of showing substantial justification.
 
 
 9
 The third relief sought was "equal access to the news and information of the Armed Forces." [ER 10A.] Ranger lost on this issue when we reversed the district court's interpretation that the regulations required the Army to give access to Ranger in the same manner as provided to the CEN. Swarner v. United States, 937 F.2d 1478, 1484-85 (9th Cir.1991). The government's position on this issue was substantially justified.
 
 
 10
 The final claim at issue in the consolidated actions was Ranger's right to the name The Ranger. The government concedes that Ranger obtained the right to use The Ranger as the trademark for its newspaper and did not appeal the district court's finding on this issue.
 
 
 11
 Both parties agree that a court must look at the litigation as a whole to determine whether the government's position is substantially justified. See Jean, 110 S.Ct. at 2320 ("While the parties' postures on individual matters may be more or less justified, the EAJA--like other fee-shifting statutes--favors treating a case as an inclusive whole, rather than as atomized line-items."); Oregon Environmental Council v. Kunzman, 817 F.2d 484, 498 (9th Cir.1987) (court must consider the totality of the circumstances prior to and during the litigation).
 
 
 12
 The government's position on the issues on which Ranger prevailed was not substantially justified. Although the government prevailed on Ranger's claims of right to distribute door-to-door and right to equal access to news and information, the government's position as a whole was not substantially justified. Taking into account the government's burden to prove substantial justification, the district court did not abuse its discretion by concluding that the government's position was not substantially justified.
 
 C.
 
 13
 Ranger sought recovery of attorney's fees incurred in the district court for the entire litigation; it did not seek attorney's fees for the previous appeal. Attorney's fees were requested at an hourly rate of $125 an hour for 114.9 hours performed by Donald Anderson, and $85 an hour for 135.4 hours performed by Guy Sternal, for a total of $25,871.50. The district court awarded the entire amount requested.
 
 
 14
 In Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933 (1983), the Supreme Court held that courts must "consider the relationship between the extent of success and the amount of the fee award.... A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." Id., 461 U.S. at 438-39, 103 S.Ct. at 1942-43. Where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." Id., 461 U.S. at 436, 103 S.Ct. at 1941.
 
 
 15
 The Supreme Court offers two different approaches for setting reasonable fees in cases where a plaintiff's success is limited. Where a suit includes separable legal claims, fees may be awarded only for work on claims that were successful. To do this, a district court may attempt to identify specific hours that should be eliminated ... [T]his approach [is] inappropriate [where] Plaintiffs' claims [are] difficult to separate because they involve[ ] a common core of facts based on related legal theories.
 
 
 16
 Greater Los Angeles Council on Deafness v. Community TV of Southern California, 813 F.2d 217, 222 (9th Cir.1987) (quotations omitted). The second approach is to
 
 
 17
 "simply reduce the award to account for the limited success." To measure the extent of plaintiffs' success, we do not use a mathematical ratio of winning claims to losing claims, an approach criticized in Hensley. Instead, we compare "the significance of the overall relief obtained" to all the claims and remedies plaintiffs pursued in the litigation.
 
 
 18
 Id. (citations omitted).
 
 
 19
 The fee award is remanded for a reduction to reflect the extent of Ranger's success in the litigation. The district court held that the issues presented in the three consolidated cases were intertwined and inseparable. It is difficult on this record to determine whether the claims were separable. However, even if the claims are inseparable, the district court should consider whether to reduce the award to account for the limited success by comparing "the significance of the overall relief obtained." Id.
 
 
 20
 The district court must also make findings regarding whether Ranger's counsel is entitled to recover fees in excess of the $75 per hour statutory rate. Courts may exceed the statutory limit only if there is a limited availability of "attorneys having some distinctive knowledge or specialized skill needful for the litigation in question." Pierce v. Underwood, 487 U.S. 552, 572, 108 S.Ct. 2541, 2553 (1988). We have interpreted this standard to require three things: (1) "the attorney must possess distinctive knowledge and skills developed through a practice specialty," (2) "those distinctive skills must be needed in the litigation," and (3) "those skills must not be available elsewhere at the statutory rate." Love, 924 F.2d at 1496.
 
 
 21
 The district court held that Ranger's attorneys were entitled to an hourly rate in excess of $75 because their military background and experience was a special factor justifying a greater rate, but failed to find whether this "specialty requires knowledge not readily available to one possessing 'general lawyerly knowledge and ability'.... [and] specialized legal expertise as well as the mastery of a technical subject matter gained by the investment of time and energy." National Wildlife Federation v. F.E.R.C., 870 F.2d 542, 547 (9th Cir.1989). The district court must also make findings that Ranger's success depended on counsel's military experience and whether other attorneys with similar experience would have been available at the statutory rate. See Love, 924 F.2d at 1496-97 (remanding for further findings where the district court failed to determine the availability of other attorneys at the statutory rate).
 
 
 22
 ATTORNEY'S FEE AWARD VACATED AND REMANDED FOR FURTHER FINDINGS CONSISTENT WITH THIS DISPOSITION. EACH PARTY TO BEAR OWN COSTS ON APPEAL.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3